UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 12-1294 DSF (AGRx) | Date | 5/18/12 |
|---|---|---|---|
| Title | Xerox Corporation v. M.A.E.Z.E.L.L., Inc. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order to Show Cause re Dismissal for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The party asserting federal jurisdiction has the burden to prove that jurisdiction exists. Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 399 (9th Cir. 2010).

Plaintiff claims that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, otherwise known as diversity jurisdiction. (Compl. ¶ 1.) Federal courts have diversity jurisdiction over civil actions in which: (1) the amount in controversy exceeds $75,000; and (2) there is complete diversity of citizenship between the opposing parties. 28 U.S.C. § 1332(a). Complete diversity is not established because Plaintiff fails to properly Defendant's citizenship.

A corporation is a citizen of both its state of incorporation and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). Plaintiff alleges that Defendant is a Delaware corporation but fails to allege Defendant's principal place of business. (Id. ¶ 4.) Therefore, complete diversity cannot be determined.

Because Plaintiff does not adequately allege Defendant's citizenship, the Court orders Plaintiff to show cause in writing on or before June 1, 2012 why this action should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.